# MEMORANDUM DECISIONS.

AMERICAN FINE ART CO. v. SIMON. (Circuit Court of Appeals, Second Circuit. April 30, 1907.) No. 215. In Error to the Circuit Court of the United States for the Western District of New York. Judgment was entered upon a verdict in favor of the defendant. The cause has been twice tried. The first trial also resulted in a verdict for the defendant, but a new trial was ordered by this court because of error in the admission of testimony offered by the defendant upon an erroneous issue of fraud. The opinion on the first writ of error is reported in 140 Fed. 529, 72 C. C. A. 45. W. H. Hotchkiss, Theodore Kronshage, Hotchkiss & Bush, and Kronshage, McGovern & Fritz, for plaintiff in error. Adelbert Moot, Charles Diebold, Jr.,

and Moot, Sprague, Brownell & Marcy, for defendant in error. Before LA-COMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The facts are sufficiently stated in our former opinion and need not be repeated here. We endeavored to construe the contract in its entirety for the guidance of the court on the new trial which was ordered. That construction was reached after careful consideration, and we have no reason to believe that our interpretation is incorrect. In speaking of the obligation of the plaintiff under the contract Judge Townsend says: "Defendant, on his part, merely contracted to make a contract if he should thereafter see fit to do so. So far as he was concerned, there was no enforceable existing contract. The occurrence in future of an uncertain event after the signing of the written contract was a condition precedent to the giving of any order. The contract provided that, even if he approved a design, he was at liberty to decrease the amount specified in the contract, and that, if the parties failed to agree as to price, he was not bound to take any work of that design. There was, therefore, originally merely a unilateral contract, binding only upon the plaintiff, and there was no ambiguity or uncertainty as to its provisions." On the second trial the court excluded all evidence of fraud, which we thought was improperly admitted on the first trial, and submitted to the jury in a clear and impartial charge the question of fact arising on the contract, namely: Did the defendant so accept and approve the designs, etc., that such acceptance and approval constituted orders according to the terms and conditions of the contract? There was a sharp conflict of testimony upon this issue, but the jury answered the question in the negative. Their verdict was not against the weight of evidence, and must be accepted as establishing the fact that the approvals of the defendant were given to facilitate the copyrighting of the designs, and were not orders for work. The charge fairly presented the issue as follows: "If you believe from the evidence that the signatures of the defendant to the designs submitted to him were not, as claimed by him, to carry out the contract mentioned in the complaint, but were in fact merely to authorize copyrighting, then the plaintiff cannot recover in this action; for in that event it proceeded to lithograph the finished designs without any orders or directions to do so by defendant, and accordingly the loss or damage is that of the plaintiff. * * * As I stated in the beginning of my charge, the question presented to you is in a very narrow range. It is simply whether these approvals of Mr. Simon, that were given in the manner stated, were for the purpose of ordering the work, or whether, as the defendant claims, they were for the purpose of copyrighting, and that question, as I have already intimated, must be left to you." We have examined the other exceptions of which error is predicated, and are convinced that none of them is well taken. We think the trial was fairly conducted throughout, the record disclosing no error which would justify a third trial of the issue. The judgment is affirmed, with costs.